the bond was renewed, states a correct legal principle. We find no reversible error in the rulings of the court on any of the instructions.

Finding no reversible error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*

---

Josie Markus, alias Jessie Markus, Appellee, v. Aetna Insurance Company of Hartford, Connecticut, Appellant.

## Gen. No. 23,632.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 5, 1918.

## Statement of the Case.

Action by Josie Markus, alias Jessie Markus, plaintiff, against Aetna Insurance Company of Hartford, Connecticut, defendant, on a fire insurance policy in the sum of $2,000. From a judgment for plaintiff for $1,500, defendant appeals.

The court gave orally the following instruction:

"Now I think it is the law of this State that if one purports to act as the agent of an insurance company and received application for insurance and accepts the premium upon such insurance, goes to the company and secures the policy of insurance and returns the policy to the assured, and does everything that is necessary to do to accomplish the issuance of the insurance, I think it is the law of this State that the insured in this case, the plaintiff, would have the right to assume that this representative was the proper representative with proper authority to do whatever he did do in the issuance of the policy, whatever was neces-

sary in the issuance of that policy and that to the extent of bringing knowledge of the conditions of the property he was the representative of the defendant, and if you believe from the evidence in this case that the representative of the plaintiff, that is the plaintiff's husband, fully and fairly stated to this representative the condition of the title to that property, the condition of the property itself, the character of the property, and that he wilfully concealed nothing that the defendant ought to know with respect to the property, then I think the defendant is not in a position here, gentlemen, to say that it has been deceived or misled by the plaintiff in this case, who is bound by the acts of its representative.''

CHARLES B. OBERMEYER, for appellant.

GURDON WILLIAMS, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1.  INSURANCE, § 285*—*when insurer charged with notice of alterations in building.* A provision in a fire insurance policy granting permission for alterations and repairs to complete a building thereon is in itself ample to charge insurer with notice of the fact that the building is in process of being changed or altered.

2.  INSURANCE, § 71*—*who has insurable interest in building.* One who is in possession of land sold upon contract upon which a burned building owned by her is located has an insurable interest in the building.

3.  MUNICIPAL COURT OF CHICAGO, § 17*—*propriety of oral instructions.* The giving of oral instructions is permissible in the Municipal Court of Chicago.

4.  INSTRUCTIONS, § 46*—*when province of jury not invaded.* In an action on a fire insurance policy, an instruction on the binding effect upon defendant of the acts of a person purporting to act as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

agent in the procurance of insurance as an agent, *held* not to invade the province of the jury.

5. WITNESSES, § 278*—*what is not proper impeachment.* Evidence of matter immaterial to an issue is not competent as impeaching proof.

---

## Thomas McGuire, trading as McGuire & White Detective Agency, Appellee, v. City of Chicago, Appellant.

### Gen. No. 23,680.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 5, 1918.

### Statement of the Case.

Action by Thomas McGuire, trading as McGuire & White Detective Agency, plaintiff, against the City of Chicago, defendant, to recover money paid as detective license fees for the years 1910 to 1915 under an invalid ordinance.

The case is governed by the decision in *Rath v. City of Chicago*, 207 Ill. App. 117.

SAMUEL A. ETTELSON, for appellant; DONALD P. VAIL, WILBUR F. HARTMAN and GEORGE A. CURRAN, of counsel.

LANDON & HOLT, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.